IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID M. BROWN,**

    **Plaintiff,**

vs.                                                             Case No. 4:05cv507-SPM/WCS

**TALLAHASSEE POLICE DEPARTMENT,**
et al.,

    **Defendants.**

_____/

## O R D E R

Plaintiff, proceeding *pro se* and *in forma pauperis*, was previously directed to file an amended complaint. Doc. 5. Plaintiff has complied with that order and his amended complaint, doc. 6, has been reviewed.

Plaintiff's amended § 1983 complaint improperly contains two separate listings of Defendants. On the first page of the complaint form Plaintiff lists six Defendants, including the Tallahassee Police Department as the first named Defendant. Doc. 6, p. 1. On page two fo the complaint form, Plaintiff only lists four named Defendants. *Id.*, at 2. As Plaintiff was previously advised, he may not name the Police Department as a Defendant in this case. Plaintiff must also be consistent in naming the individual

Defendants and, therefore, he is required to submit a third amended complaint. Additionally, there are no allegations within the complaint that describe conduct or actions of any named Defendant.  Plaintiff, indeed, indicates within the body of the complaint that he does not know the identities of the Defendants "because they had the flashlight in plaintiff [sic] face."  Doc. 6, p. 3A.  If Plaintiff does not know the identity of the persons who allegedly violated Plaintiff's rights, Plaintiff may not list arbitrary names as Defendants on the complaint form.  Furthermore, it is not the Court's obligation to "find out the full names of the four Officers involved" in this case.  *Id.*  Plaintiff has the responsibility to litigate his own case.

Another reason to require an amended complaint is Plaintiff's failure to comply with the Court Order, doc. 5, which specifically directed Plaintiff to "present all of his allegations in numbered paragraphs, and Plaintiff shall set forth short, clear and concise statements of fact concerning each Defendant."  Pursuant to FED. R. CIV. P. 10(b), all factual statements made in a complaint "shall be made in numbered paragraphs, *the contents of which shall be limited as far as practicable to a statement of a single set of circumstances.*"  *Id.* (emphasis added).  Plaintiff's amended complaint does not number each and every paragraph.  Moreover, there is too much detail in the lengthy paragraphs.  Plaintiff's third amended complaint shall comply with Rule 10(b).

Finally, the factual allegations in Plaintiff's third amended complaint shall be limited to the facts of the March 21, 2005, incident.  Any statement that is not relevant to an action of a Defendant or Plaintiff's actions on the night of March 21st shall be omitted from the third amended complaint.

Plaintiff will be given one final opportunity to clarify the circumstances of the events of March 21, 2005.  Plaintiff shall state what happened to him, when, where, and explain the actions of the Defendants that Plaintiff contends violated his rights.  Plaintiff shall set forth short, clear and concise statements of fact concerning each named Defendant.

In filing a third amended complaint, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Plaintiff must clearly describe how each named Defendant is involved in each alleged constitutional violation.  If Plaintiff cannot state facts showing how a particular Defendant was involved in the events of March 21, 2005, Plaintiff must delete or drop that person as a Defendant from the amended complaint.  Plaintiff must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint."  The third amended complaint must contain all of Plaintiff's allegations and should not in any way refer to previous versions of the complaint.  Plaintiff shall file the third amended complaint containing his original signature with the Court and keep an identical copy for himself.  Plaintiff shall not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall provide Plaintiff with another § 1983 complaint form for use by non-prisoners so that Plaintiff can file a third amended complaint.

Case No. 4:05cv507-SPM/WCS

2. Plaintiff shall have until **March 17, 2006**, to file the third amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's third amended complaint or no later than March 17, 2006.

**DONE AND ORDERED** on February 17, 2006.

>    s/   William C. Sherrill, Jr.
>    **WILLIAM C. SHERRILL, JR.**
>    **UNITED STATES MAGISTRATE JUDGE**